FILED & ENTERED

JAN 25 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CHUL HYUN GONG,**<br>**DBA PAX AMERICA DEVELOPMENT,**<br><br>Debtor. | Case No. 2:15-bk-12452-RK<br><br>Chapter 7<br><br>**ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION TO: (1) APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; AND (2) FIND THAT THE BUYER IS A GOOD FAITH PURCHASER WITHIN THE MEANING OF 11 U.S.C. § 363(M) WITHOUT PREJUDICE AND VACATING HEARING**<br><br>Hearing:<br>Date:  January 26, 2016<br>Time:  3:00 p.m.<br>Place:  Courtroom 1675<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

Pending before the court is the Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of Liens, Claims and Interests; and (2) Find that the Buyer is a Good Faith Purchaser Within the Meaning of 11 U.S.C. § 363(m) ("Sale Motion"), ECF 128, filed by Wesley H. Avery, the duly appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Chul Hyun Gong, dba Pax America Development ("Debtor"), by and through his counsel of record, Varand Gourjian, of the law firm of Gourjian Law

Group, P.C.   Having considered the moving papers, including the supplemental brief requested by the court at the initial hearing on the Sale Motion on November 24, 2015, the court determines that further oral argument is unnecessary, and the court dispenses with further argument, takes the Sale Motion under submission and rules as follows.

In the Sale Motion and the Supplemental Brief and declaration in support thereof, ECF 128, 151 and 156, Trustee acknowledges that the real property located at 2217-2219 South Hobart Boulevard, Los Angeles, California 90018 (the "Property"), that is, the property Trustee seeks authority to sell through this Sale Motion, was initially conveyed from Jung Hwan Lee to Los Angeles Business as Mission ("LABM") on August 27, 2014 by means of a Grant Deed recorded on September 25, 2014, and later reconveyed post-petition from LABM to itself, Pax America Development (the fictitious business name of Debtor), Pac Bay Window, and Unimae on April 7, 2015 by means of a Grant Deed recorded on April 8, 2015.  *See Exhibit B, Grant Deed, to Sale Motion*, ECF 128; *Exhibit D to Supplemental Brief, Grant Deeds*, ECF 151.

In the Sale Motion, Trustee requests the court to enter an order which authorizes the sale of the Property to the designated buyer or a successful overbidder, free and clear of all liens, claims and interests.  *Sale Motion,* ECF 128 at 16.  Although not referenced in the title of the Sale Motion in any manner, the text of the Sale Motion sought, among other things, declaratory relief to quiet title to the Property to Trustee, in order to sell the Property, even though title to the Property listed several co-owners as discussed above.  *Id.* at 14.   As argued in the Sale Motion, "As is evidenced by the eighteen (18) Relief from Stay Motions filed in this case thus far, the Debtor is involved in a fraudulent scheme to hinder, delay and defraud dozens of creditors from enforcing their legal rights against the subject real properties. . . . As such, to halt this blatant abuse of the bankruptcy process and clarify title to the Property so an orderly liquidation process can proceed, the Trustee respectfully requests that this Court quiet title to the Property to the Trustee."  *Id.*

1     The court preliminarily determined that Trustee did not provide any legal authority
2 and evidence in support of his requested relief that the court quiet title to the Property to
3 Trustee and sell the Property free and clear of liens, encumbrances and interests,
4 including co-owners, prompting the issuance of the following tentative ruling for the initial
5 hearing on the Sale Motion held on November 24, 2015:

> Deny without prejudice. The court's tentative ruling not to allow the sale on the instant motion is based on the following observations: The deed conveying the property to the debtor, also known as Pax American Development (deed being part of Exhibit A to the motion) also conveys joint interests to Los Angeles Business as Mission, Pac Bay Window and Unimae, which appear to be co-owners of the property and which thus seems to indicate that an adversary proceeding under FRBP 7001(3) and 11 U.S.C. 363(h) is required to sell the property co-owned by others. There is nothing in the motion about treatment of the claims of the purported nondebtor co-owners, though buried deep in the motion is a request to quiet title in the trustee of this bankruptcy estate. Quiet title relief is not requested in the title of the motion and is not well-explained why such relief should be granted aside from the complete absence of any legal authority cited to grant such relief and any factual support for the same. It seems that the primary owner of the subject property is co-owner Los Angeles Business as Mission since it was the transferor and one of the joint transferees, but little discussion is given in the briefing as to why the court should quiet title in the trustee of the bankruptcy estate in this case as to that entity since none of the exhibits attached to the motion demonstrate a "blatant abuse of the bankruptcy system" as to that entity (i.e., there is no record of that entity filing for bankruptcy in the moving papers). There is no explanation that the address used is the proper address for that entity for service purposes. It seems that before the court can quiet title in the debtor and the estate, there has to be a proper motion to quiet title first as to that entity. As to the other two purported co-owners, there should be more evidentiary development in a quiet title action why the court should disregard their co-ownership in the subject property as well. A few fictitious business name statements attached to the motion does not establish a pattern of blatant abuse of the bankruptcy system ("one swallow does not a summer make" attributed to Aristotle (384-322 BCE), Wiktionary entry for same, https://en.wiktionary.org/wiki/one_swallow_does_not_a_summer_make). Appearances are required on 11/24/15, but counsel may appear by telephone.

26 Only Trustee through counsel appeared at the initial hearing on the Sale Motion on
27 November 24, 2015, and the court granted Trustee's request for a 60-day continuance of
28 the hearing in order to file supplemental briefing in support of the Sale Motion in order to

demonstrate the legal and evidentiary support for granting the quiet title relief sought by Trustee in the Sale Motion. The hearing on the Sale Motion was continued to January 26, 2016, at 3:00 p.m.

On January 5, 2016, Trustee filed his Supplemental Brief and declaration in support thereof. ECF 151 and 156. The court has reviewed Trustee's Supplemental Brief and declaration and finds them wanting. That is, the court determines that Trustee has failed to demonstrate a proper legal and evidentiary basis for granting quiet title relief and selling the Property free and clear of co-ownership interests in the form of the motion presented.

Trustee's Sale Motion seeking quiet title relief to strip off the rights of the co-owners and/or to sell the Property despite these co-ownership interests by motion is contrary to circuit authority holding that such relief must be obtained through an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) since this would be a proceeding "to determine the validity, priority, or extent of a lien or other interest in property" and/or "to obtain approval under [11 U.S.C.] § 363(h) for the sale of both the interest of the estate and of a co-owner in property." Fed. R. Bankr. P. 7001(2) and (3); *In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993); *In re Cogliano*, 355 B.R. 792, 806 (9th Cir. BAP 2006). In *Lyons,* the Ninth Circuit reversed the district court's order affirming the bankruptcy court's decision that the bankruptcy trustee was not required to initiate an adversary proceeding to obtain authority to sell real property free of the interests of nondebtor co-owners. 995 F.2d at 924, *citing inter alia,* Fed. R. Bankr. P. 7001(3). As in *Lyons,* the bankruptcy trustee here seeks approval of a sale of co-owned property free and clear of the co-ownership interests, citing no authority for granting approval of such a sale without an adversary proceeding. *Id.* Since *Lyons* is controlling circuit authority, the same result obtains. In *Cagliano,* the Bankruptcy Appellate Panel of the Ninth Circuit reversed the bankruptcy court's decision determining by motion that an individual retirement account (IRA) of a bankruptcy debtor was property of the bankruptcy estate because the bankruptcy court lacked authority to determine whether the IRA was

4

property of the estate without an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2) which requires an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property." 355 B.R. at 803-806. Likewise, Trustee's request to quiet title in the Property to him as to the co-ownership interests is a proceeding "to determine the validity, priority, or extent of . . .[an] other interest in property," namely, the interests of the co-owners, which requires an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2). For some unknown reason, Trustee in his moving and supplemental papers never squarely addresses the court's specific concerns raised in the initial tentative ruling regarding the requirement of an adversary proceeding, nor does Trustee discuss Federal Rule of Bankruptcy Procedure 7001(2) and (3) or the applicable case law in *Lyons* and *Cagliano,* which the court thinks is odd.

In addition to the lack of legal support for proceeding by motion rather than by adversary proceeding, the Sale Motion also suffers from deficient service. In his supplemental declaration, Trustee represented that he served LABM with the Sale Motion and Supplemental Brief at the address of the Property, *Trustee's Declaration*, ¶ 15, ECF 151 and 156. However, this service is insufficient to show that LABM received proper notice of the Sale Motion since, by Trustee's own admission, the Property is vacant, *Supplemental Brief* at 4, ECF 151. Trustee also represented that he served the Sale Motion and Supplemental Brief at two additional addresses listed on the Grant Deeds which conveyed the Property from Jung Hwan Lee to LABM and reconveyed the Property from LABM to itself, Pax America Development (the fictitious business name of Debtor), Pac Bay Window, and Unimae, *id.*; however, the addresses listed on the Grant Deeds are only for LABM and Pax America Development and not the others, Pac Bay Window and Unimae, and based on Trustee's Sale Motion and supporting documents, the court is unable to ascertain whether LABM's served address is current and whether Pac Bay Window and Unimae were served at all. Trustee declared that Pax America Development, which is a fictitious business name of Debtor Chul Hyun Gong and that

Pac Bay Window and Unimae are registered as fictitious business names of debtors in other pending bankruptcy cases. *Trustee's Declaration*, ¶ 6, ECF 151 and 156. In this regard, a federal district court has commented on the practice of serving on a fictitious business name for a party:

> "Use of a fictitious business name does not create a separate legal entity." *Id.* As explained by another federal district court, "[d]oing business under another name does not create an entity distinct from the person operating the business." *Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381, 1387 (D.Neb.1977). "The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." *Id.; see also Tr. of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner,* 484 F.Supp.2d 254, 258 (S.D.N.Y.2007) (stating "[t]he designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business.") (internal quotation marks and alterations omitted).

*Ritter v. Small,* 2008 WL 4766740, at *5 (N.D. Cal. 2008)(unpublished opinion). Accordingly, the court determines that since Debtor was served with the Sale Motion, the court determines that this was effective service on Debtor, the entity doing business as Pax America Development, which is his fictitious business name and which name is on title on one of the subject grant deeds to the Property. However, based on the pleadings, the court is unable to determine whether Trustee has properly served the operating entities doing business as Pac Bay Window and Unimae since there is nothing to tie the fictitious business names to, and thus, the court cannot find that the service of the Sale Motion is adequate as to these parties.

In his Supplemental Brief, Trustee reiterates his arguments that the court should quiet title to the Property to him through the Sale Motion on the following grounds. That is, as Trustee argued, the court has entered orders granting relief from stay against Debtor regarding various parcels of real property, though not including the Property, pursuant to 11 U.S.C. § 362(d)(4) "finding that the filing of this Bankruptcy Case 'was part of a scheme to hinder, delay or defraud creditors'," which "served as the basis for the

post-petition transfer" from LABM to itself, Pax America Development (the fictitious business name of Debtor), Pac Bay Window and Unimae. *Supplemental Brief*, ECF 151 at 2-3; *Trustee's Declaration*, ¶¶ 5-6, ECF 151 and 156. Trustee provided a list of the relief from stay motions filed and granted in this bankruptcy case as Exhibit A to his supplemental declaration. ECF 151 and 156. The court notes that of the eighteen relief from stay motions filed in this case in which the court granted relief, the court granted relief pursuant to 11 U.S.C. § 362(d)(4) in seventeen of those motions, but expressly noted in fifteen of those orders that it was not making any finding as to Debtor's involvement in any fraudulent scheme and, in the other two orders, the court did not make any finding of Debtor's involvement in any fraudulent scheme. ECF 21, 31, 62, 63, 66, 68, 87, 101,102, 103, 104, 115, 131, 133, 135, 139, and 144.[1] Only one stay relief motion has been filed in this bankruptcy case regarding the Property by secured creditor Metropolitan Life Insurance Company ("Metropolitan"), which is currently pending before this court. The court is unable to determine without more evidentiary development as to how these stay relief matters demonstrate a pattern of fraud to justify quieting title to the Property to Trustee and stripping the co-owners of their legal rights to the Property. In the supplemental brief, Trustee further conclusorily asserted without supporting evidence that Pax America Development (the fictitious business name of Debtor), Pac Bay Window and Unimae were all created and registered as "doing business as" or fictitious business names of debtors with pending bankruptcy cases, including Debtor, which were then fraudulently conveyed interests in the Property for the purpose of shielding the Property from Metropolitan. *Supplemental Brief* at 3, ECF 151; Trustee's Declaration, ¶¶ 6-9. ECF 151 and 156. As the court noted in its prior tentative ruling for the hearing on November 24, 2015, however, "[a] few fictitious business name statements attached to the motion does not establish a pattern of blatant abuse of the business system." It seems to the

---

[1] The court may and does take judicial notice of its own files and records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Federal Rule of Evidence 201.

7

court that Trustee will have to rethink and change his approach to quieting title to the Property and selling the Property free and clear of the co-ownership interests by following the law in bringing an adversary proceeding and supporting his claims with evidence rather than conjecture and speculation.

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. The Sale Motion is DENIED WITHOUT PREJUDICE.
2. The court rules on procedural grounds only, and no determination is made on the merits of the Sale Motion.
3. The hearing on the Sale Motion scheduled for January 26, 2016 at 3:00 p.m. is hereby vacated. No appearances are required at the hearing on January 26, 2016.

**IT IS SO ORDERED.**

Date: January 25, 2016

_____
Robert Kwan
United States Bankruptcy Judge