FILED & ENTERED

AUG 04 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**CHUL HYUN GONG,**<br>**DBA PAX AMERICA DEVELOPMENT,**<br><br>Debtor. | Case No. 2:15-bk-12452-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION OF PAULINE GUTIERREZ TO VACATE ORDER FOR RELIEF FROM STAY AND IN REM ON 2-2-16 PROPERTY LOCATED AT 920 W. LIBERTY AVE., MONTEBELLO, CA 90640**<br><br>Hearing:<br>Date:  August 2, 2016<br>Time:  11:00 a.m.<br>Place: Courtroom 1675<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

    Pending before the court is the "Motion to Vacate Order for Relief from Stay In Rem on 2-2-16 Property Located at 920 W. Liberty Ave., Montebello, CA  90640," ECF 250, filed on June 29, 2016 by Pauline Gutierrez (or Guterrez or Guterriez – the name is spelled in different ways in the papers filed by Ms. Gutierrez – however, she signed the motion as "Gutierrez" which is the same spelling in the deed of trust securing the loan on the real property and on her declarations filed in support of the motion).  According to Ms. Gutierrez in her moving papers, she is not the debtor in this bankruptcy case, but was the owner of the real property at 920 W. Liberty Ave., Montebello, CA  90640 for 40 years,

which was the subject of a motion and order for relief from the automatic stay in this bankruptcy case. By order filed and entered on February 10, 2016, the court granted the motion of U.S. Bank, N.A., for relief from the automatic stay in this bankruptcy case, which granted in rem relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) that the order for stay relief shall be binding in any other case under the Bankruptcy Code purporting to affect the property filed not later than two years after entry of the order. ECF 167, filed on February 10, 2016. By her motion, Ms. Gutierrez seeks an order vacating this order for in rem stay relief on grounds that she did not know why in rem stay relief was granted in this case affecting her property and that the granting of in rem stay relief interferes with her efforts to obtain a loan modification to prevent a foreclosure of the secured real estate loan on the property. Specifically, Ms. Gutierrez asserts that the in rem stay relief order prevents any automatic stay arising in a bankruptcy case that she files from staying any adverse collection action, including foreclosure, by the lender holding a security interest against her property.

The parties have filed extensive papers in support of, and in opposition to, the motion, including declarations of Ms. Gutierrez and representatives of U.S. Bank, N.A., regarding her loan on the real property, and exhibits which include transfers of interests in the real property from her to her and another party, which in turn transferred an interest to an entity with the business name of the debtor in this bankruptcy case, Pax American Development. ECF 1, Petition (indicating the name of the debtor is Chul Hyun Gong, dba Pax American Development). The court conducted hearings on the motion on July 19, 2016 and August 2, 2016, including an evidentiary hearing on the motion on August 2, 2016, wherein the court took live testimony from Ms. Gutierrez and Jeremy Romero, the paralegal who served the motion which was the basis for the in rem stay relief order in this case. At the hearings, Ms. Gutierrez represented herself as the movant, and Daniel K. Fujimoto and Abe Salen, of the The Wolf Firm, A Law Corporation, represented the respondent, U.S. Bank, N.A., which opposed the motion.

Having considered the moving and opposing papers, the testimony and exhibits received at the evidentiary hearing on August 2, 2016, and the oral and written arguments of the parties, the court rules as follows.

By her motion, Ms. Gutierrez seeks an order from this court to vacate the in rem stay relief order in this bankruptcy case as to her real property.  In support of her motion, Ms. Gutierrez stated in her declaration under penalty of perjury as follows:

> On 2/2/16 Select Portfolio attorney Alan Steven Wolf; filed a Motion for Relief of Stay as to my property located at: 920 West Liberty Ave, Montebello, CA  90640.  I was never notified of this motion and court hearing.  I had no knowledge of this company I only had knowledge of the company that I would help me save my home.  I was in the process of getting a loan modification at the time of the sale.  This is how I found out about a in-rem on my property; that's when I petition the court to lift the in-rem.  I was never given certified notice as required by bankruptcy rule when there is a in-rem placed on your title.  I never received anything in the mail concerning that either.  I have no clue as to all those people on my title I only sign my title over to one person and it was to help me save my home on or about 2009 or 2010.  I stand by everything that I stated in court on 7-19-2016 at 1:30 in court room 1675 as to the best of my knowledge.

Declaration of Pauline Gutierrez, ECF 287, filed on July 28, 2016.  (A duplicate version of this declaration was filed on July 27, 2016, ECF 279.).  Ms. Gutierrez did not state any legal authority in support of her motion, but a fair reading of her motion is a due process claim seeking relief from the final order of the court, the in rem stay relief order affecting her property, on grounds that she did not receive notice of the in rem stay relief motion proceedings, ECF 167, filed and entered on February 10, 2016.  Motion, ECF 250, filed on June 29, 2016.  Such a motion is cognizable under Rule 60(b)(4) of the Federal Rules of Civil Procedure, made applicable in this bankruptcy case under Rule 9024 of the Federal Rules of Bankruptcy Procedure, for relief from judgment that is "void" because the court lacked subject matter or personal jurisdiction.  *See* 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:395 at 20-77 (2015), *citing inter alia, Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990).  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." 3 Jones, Rosen, Wegner and Jones, *Rutter Group*

*Practice Guide: Federal Civil Trials and Evidence,* ¶ 20:395 at 20-78, *citing, United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010). In its opposition, U.S. Bank, N.A., argues that the court may not act *sua sponte* under Rule 60(b) and cannot on its own grant relief under this rule. Opposition, ECF 255, filed on July 5, 2016, at 4. The court rejects the bank's argument as erroneous and hypertechnical because Ms. Gutierrez in her motion makes out a claim for relief under Rule 60(b)(4) that the in rem stay relief order is "void" as to her for lack of notice depriving her of due process, even if she does not specifically cite the rule. *See* 2 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶ 9:214 at 9-82 (2016)("Federal courts are particularly liberal in construing 'inartful pleading' by parties appearing *pro se* (without counsel."), *citing inter alia, Erickson v. Paulus,* 551 U.S. 89, 94 (2007). As this court has previously recognized, granting in rem stay relief under 11 U.S.C. § 362(d)(4) could raise due process concerns to the original borrower on a real estate loan. *In re Dorsey,* 476 B.R. 261, 270 (Bankr. C.D. Cal. 2012), *citing inter alia, Carpenter v. Mineta,* 432 F.3d 1029, 1036 (9th Cir. 2005)("Due process requires notice and an opportunity to be heard."). Ms. Guterriez by her motion is seeking relief from the final order for in rem stay relief on due process grounds that she did not receive notice of the order, which concern may be properly heard by this court under Rule 60(b)(4).

The bank further argues that Ms. Gutierrez "provides no evidence in her motion that would justify such relief." *Id.* The court now examines this argument now that it has conducted an evidentiary hearing and received evidence on the motion. The question raised by Ms. Guterriez's motion is whether she was accorded due process with respect to the in rem stay relief order. She contends that she was never notified of the in rem stay relief motion and the hearing on the motion and attests to these contentions in her declaration under penalty of perjury. The bank argues that the evidence offered by Ms. Guterriez in support of the motion is insufficient to meet her burden of showing by clear and convincing evidence that service of the in rem stay relief motion papers by mail was

1  Insufficient and not received by her.  Supplemental Opposition, ECF 278, filed on July 26,
2  2016, at 2-3, *citing inter alia, Moody v. Bucknum (In re Bucknum),* 951 F.2d 204, 206-207
3  (9th Cir. 1991).

4        Whether mail service of the in rem stay relief motion papers by the bank on Ms.
5  Guterriez was sufficient raises a factual issue for the court to resolve.  *In re Bucknum,*
6  951 F.2d at 206.  In order to resolve this factual issue, the court exercises its discretion to
7  conduct an evidentiary hearing to resolve this inherently factual matter in light of the
8  conflicting evidence on the issue and overrules the bank's objection to the court's
9  conducting of an evidentiary hearing to resolve the issue.  *Tyner v. Nicholson (In re*
10 *Nicholson),* 435 B.R. 622, 635-636 (9th Cir. BAP 2010)("An evidentiary hearing is
11 generally appropriate when there are disputed and material factual issues that the
12 bankruptcy court cannot readily determined from the record."), *partially abrogated on*
13 *other grounds, Law v. Siegel,* 134 S.Ct. 1188, 1196-1198 (2014); *In re Medpoint*
14 *Management, LLC,* 2016 WL 3251581, slip op. at *8 (9th Cir. BAP 2016)(unpublished
15 opinion)(*citing In re Nicholson,* stating: "At bottom, the bankruptcy court enjoys
16 considerable discretion in deciding whether to hold an evidentiary hearing, but that
17 discretion is circumscribed by the requirements of due process. . . Even so, due process
18 necessarily requires that the parties be given **some** opportunity to present evidence on
19 material factual issues.").  Accordingly, on August 2, 2016, the court conducted an
20 evidentiary hearing on service of the in rem stay relief motion papers on Ms. Gutierrez
21 who said that she did not receive the papers in order to resolve the issue of whether the
22 bank's mail service was sufficient for due process purposes.

23       In support of its position, the bank referred to the certificate of service of the in rem
24 stay relief motion papers which the court may take judicial notice of.  ECF 278, filed on
25 July 26, 2016, at Exhibit "1" to U.S. Bank N.A.'s Request for Judicial Notice.  The
26 certificate of service executed by Jeremy Romero, an employee with The Wolf Law Firm,
27 counsel for the bank, attested that on January 6, 2016 he caused service of the in rem
28 stay relief motion papers in this bankruptcy case to be mailed in a sealed envelope in the

1. United States mail, first class, postage prepaid, to Pauline P. Gutierrez at 920 West
2. Liberty Avenue, Montebello, CA 90640, which is the address of the real property and the
3. address listed by Ms. Gutierrez for her in her moving papers. The notice of motion for the
4. in rem stay relief motion stated that the hearing on the motion before the court was
5. scheduled for February 2, 2016 at 10:30 a.m., and since the service by mail was made
6. on January 6, 2016, this service met the 21-day notice of hearing requirement for motions
7. filed in this court pursuant to Local Bankruptcy Rule 9013-1. At the evidentiary hearing,
8. the bank called Mr. Romero as a witness, and he testified that he was the one who
9. caused the in rem stay relief motions to be served in accordance with the normal
10. business practices of The Wolf Law Firm, whereby he prepared the motion papers for
11. service on parties, including Ms. Gutierrez, prepared a mailing label for her, and
12. transmitted the papers for mailing by the mail processing staff of the office, and that the
13. motion papers were not returned to him at any time. Ms. Gutierrez had the opportunity to
14. cross-examine Mr. Romero at the evidentiary hearing. After hearing Mr. Romero's
15. testimony and evaluating his demeanor, the court finds Mr. Romero's testimony to be
16. credible and supports a finding that the in rem stay relief motion papers were served by
17. him on Ms. Gutierrez through the normal business practices of The Wolf Law Firm in a
18. sealed envelope deposited in the United States mail, first class, postage prepaid.
19.     The court received Ms. Gutierrez's declaration as her direct testimony at the
20. evidentiary hearing, and she gave further oral testimony that she did not receive notice of
21. the in rem stay relief motion and the hearing on the motion, saying that she did not
22. receive copies of these papers. Ms. Gutierrez was cross-examined by counsel for the
23. bank, and she admitted that she had transferred an interest in her real property to
24. another party to help her "save" her real property without the consent of the lender
25. because she could not pay the loan on the real property in accordance with the loan
26. agreement. The court finds that Ms. Gutierrez's testimony and argument that she did not
27. receive notice of the in rem stay relief motion papers in this case when the bank served
28. the papers on her by mail to be unpersuasive, and thus, the court determines that Ms.

6

Gutierrez has not met her burden to show by clear and convincing evidence that she did not receive the papers in light of the bank's evidentiary showing that it properly served the papers on her by mail, which are presumed to have been properly delivered. As observed by the U.S. Court of Appeals for the Ninth Circuit in *Bucknum,* "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." 951 F.2d at 207, *citing inter alia, In re American Properties,* 30 B.R. 247, 250 (Bankr. D. Kan. 1983). As further stated by court in *Bucknum,* "A certificate of mailing stating that notice . . . was sent to all creditors or proof of a custom of mailing, raises the presumption that notices were properly mailed and therefore received." *Id.* As also stated by the court in *Bucknum,* "The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *Id.* This evidentiary record based on the certificate of mailing by Mr. Romero and his live testimony raises the presumption that the in rem stay relief motion and notice of hearing were properly mailed to Ms. Gutierrez and therefore received by her. The presumption can only be overcome by clear and convincing evidence that the mailing was not in fact accomplished, and Ms. Gutierrez's declaration and oral testimony that she did not receive the in rem stay relief motion and notice of hearing does not rebut the presumption of mail delivery and receipt. In this regard, the court observes that Ms. Gutierrez admitted in her testimony that she transferred an interest to herself and another party to "save" her house, or in other words, to hinder or delay her home lender from exercising its contractual rights to enforce the loan agreement when she was unable to pay the loan in accordance with the contract, and in the court's view, this fact undermines her credibility in stating that she did not receive the bank's in rem stay relief motion papers. The evidence of the subsequent transfer by Ms. Gutierrez's transferee, SG Global, Inc., of an interest in the property to Pax America Development, the business name of Chul Hyun Gong, who filed a bankruptcy case from which an automatic stay would stay any collection action by creditors in property of his bankruptcy estate, which included Ms. Gutierrez's property through these transfers. While Ms. Gutierrez may not have not

7

literally known of the transfer to the debtor in this bankruptcy case, she had reason to know that some kind of action would have taken place to hinder or delay her home loan lender to "save" her real property from the lender exercising its contractual rights to enforce the loan agreement.  Accordingly, the court finds that Ms. Gutierrez has not rebutted the presumption of mail delivery and proper notice by clear and convincing evidence.   Ms. Gutierrez was accorded due process when the bank served copies of the in rem stay relief motion on her as the original borrower on the loan by mail in January 2016, and she filed no written opposition or made no appearance in opposition to the motion at the hearing on the in rem stay relief motion on February 2, 2016.  *In re Dorsey,* 476 B.R. at 270, *citing inter alia,* Fed. R. Bankr. P. 9014 and 7004(b) and *Matter of Park Nursing Center,* 766 F.2d 261, 263 (6th Cir. 1985)(mail service of process satisfies constitutional due process requirements in bankruptcy proceedings).   The court sees no reason why its in rem stay relief order should be vacated because the conditions for in rem relief under 11 U.S.C. § 362(d)(4) are present here whereby there were transfers of the subject real property without the consent of the secured lender and the filing of debtor's bankruptcy petition under the business name of Pax America Development was used to delay or hinder the secured lender.  11 U.S.C. § 362(d)(4); *In re Dorsey,* 476 B.R. at 266-270.

///

///

///

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Vacate Order Granting In Rem Stay Relief is DENIED.  A separate final order on the Motion is being entered concurrently.

**IT IS SO ORDERED.**

**###**

Date: August 4, 2016

Robert Kwan
United States Bankruptcy Judge